# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GARNICA, | 1:10-CV-01279 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| J. HARTLEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation for his 1979 conviction for murder. He is serving a sentence of seven years to life.

Petitioner filed a petition for writ of habeas corpus on July 6, 2010, in this Court. In that petition, Petitioner alleged that a retroactive change in the law caused by the implementation of California's Proposition 9 on November 4, 2008, exposed him to a longer sentence in violation of the Ex Post Facto Clause of the Constitution. After reviewing the petition, the undersigned concluded that the petition should be dismissed. Petitioner's claim concerning goodtime and

worktime credits was found to be speculative and not ripe for review, and Petitioner's allegation concerning the retroactive application of Proposition 9 failed to present a claim for relief.

On April 30, 2012, the Ninth Circuit Court of Appeals remanded the matter back to this Court to allow Petitioner the opportunity to amend his petition to state a claim. On June 29, 2012, in accordance with the Ninth Circuit's order, this Court issued an order granting Petitioner leave to file an amended petition. The deadline for filing the amended petition was set for August 2, 2012. On July 20, 2012, Petitioner requested an extension of time to file the amended petition. The Court granted Petitioner a thirty (30) day extension of time on July 24, 2012, and the deadline was moved to August 28, 2012. On August 7, 2012, mail was returned as undeliverable by the U.S. Postal Service with notation that Petitioner was no longer at Avenal State Prison. On the same date, the Court re-served the order granting extension at Petitioner's updated address at the Correctional Training Facility in Soledad, California, and Petitioner was granted another thirty (30) days to file the amended petition. Well over thirty (30) days have now passed and Petitioner has not responded in any way.

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with

local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. <u>Ghazali</u>, 46 F.3d at 53; <u>Ferdik</u>, 963 F.2d at 1260-61;  <u>Malone</u>, 833 F.2d at 130;  <u>Thompson</u>, 782 F.2d at 831;  <u>Henderson</u>, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because Petitioner has been granted ample opportunity to file an amended petition, and he has failed to respond.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  This case was remanded to this Court to provide Petitioner an opportunity to file an amended petition.  Three months have passed since the Court granted Petitioner the opportunity, but he has failed to act.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case.


IT IS SO ORDERED.

Dated:   **September 28, 2012**             **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE